No. 08-2680

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

vs.

JUSTIN A. ROSENBOHM,
Defendant-Appellant.

Appeal From the United States District Court
For the  Central District of Illinois, Peoria Division
Case No.  07 CR 10117
The Honorable Judge Michael M. Mihm

**BRIEF AND REQUIRED SHORT APPENDIX OF
DEFENDANT-APPELLANT, JUSTIN A. ROSENBOHM**

FEDERAL PUBLIC DEFENDER            RICHARD H. PARSONS
CENTRAL DISTRICT OF ILLINOIS       Federal Public Defender
401 Main Street, Suite 1500
Peoria, Illinois  61602            KARL W. BRYNING
Telephone:  (309) 671-7891         Assistant Federal Public Defender
Fax:         (309) 671-7898
Email: bryning_karl@fd.org

**ORAL ARGUMENT REQUESTED**

## DISCLOSURE STATEMENT

The undersigned counsel for Defendant-Appellant furnishes the following list in compliance with Federal Rule of Appellate Procedure 26.1:

1.  The full name of every party or amicus the attorney represents in the case:  JUSTIN A. ROSENBOHM.

2.  Said party is not a corporation.

3.  The names of all law firms whose partners or associates have appeared for a party in the district court or are expected to appear for the party in the case: Richard H. Parsons and Karl W. Bryning of the Federal Public Defender's Office for the Central District of Illinois

_____

KARL W. BRYNING
Assistant Federal Public Defender

Dated:  August 28, 2008

ii

# TABLE OF CONTENTS

**PAGE**

DISCLOSURE STATEMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v
    CASES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v
    STATUTES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v
    OTHER AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

JURISDICTIONAL STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ISSUE PRESENTED FOR REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        Whether the district court erred when it determined that Mr.
        Rosenbohm's prior conviction for aggravated criminal sexual
        abuse qualified as a prior sex conviction that required a life
        sentence under 18 U.S.C. § 3559(e)(1). . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

SUMMARY OF ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    I.    Mr. Rosenbohm's sentence should be vacated and remanded
        for resentencing to a sentence other than mandatory life
        because 18 U.S.C. § 3559(e) does not apply. . . . . . . . . . . . . . . . . . . 9

        A.    Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

        B.    Requirements of 18 U.S.C. § 3559. . . . . . . . . . . . . . . . . . . . 9

        C.    Rule of Lenity. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

iii

CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P. 32(a)(7)(C). . . . . . . . . 20

CIRCUIT RULE 31(e) CERTIFICATION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

# TABLE OF AUTHORITIES

**PAGE**

## CASES

*Greenfield Mills, Inc. v. Macklin*, 361 F.3d 934 (7th Cir. 2004). . . . . . . . . . . . . . . . . . . 16

*Hoffman v. Caterpillar, Inc.* 256 F.3d 568 (7th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . 16

*Ladner v. United States*, 385 U.S. 169 (1958). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*United States v. Day*, 418 F.3d 746 (7th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*United States v. Hartz*, 296 F.3d 595 (7th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Pitt-DesMoines, Inc.*, 168 F.3d 976 (7th Cir. 1999). . . . . . . . . . . . . . 17

## STATUTES

8 U.S.C. § 3559(c)(2)(G). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

18 U.S.C. § 2250(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 4

18 U.S.C. § 2251(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 4

18 U.S.C. § 2252A(a)(5)(B). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 4

18 U.S.C. § 2252A(b)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 4

18 U.S.C. § 2260A. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 4

18 U.S.C. § 3231. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 3559(e)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-7, 9, 11-17

18 U.S.C. § 3559(e)(2)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 10, 13

18 U.S.C. § 3559(e)(2)(B). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 13

18 U.S.C. § 3559(e)(2)(B)(i) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 13, 16

18 U.S.C. § 3559(e)(2)(B)(ii) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11-13, 14, 16

18 U.S.C. § 3559(e)(2)(E) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

18 U.S.C. § 3742 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

21 U.S.C. § 802(44) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

21 U.S.C. § 841(b)(1)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## OTHER AUTHORITIES

None.

## JURISDICTIONAL STATEMENT

1.      The jurisdiction of the United States District Court for the Central District of Illinois, Peoria Division, was founded upon 18 U.S.C. § 3231.  A grand jury sitting in the aforementioned district charged JUSTIN A. ROSENBOHM by indictment with one count of sexual exploitation of children and production of sexually explicit images of minors in violation of Title 18 U.S.C § 2251(a), 2260A and 3559(e)(1) (Count 1) and one count of failure to register as a sex offender in violation of Title 18 U.S.C. § 2250(a) (Count 2) and one count of sexual exploitation of children / possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) (Count 3).

2.      The jurisdiction of the United States Court of Appeals for the Seventh Circuit is founded upon 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and is based upon the following particulars:

    i.      Date of entry sought to be reviewed:  Sentence imposed on June 27, 2008; Judgment in a Criminal Case entered on June 27, 2008.

    ii.     Filing date of motion for a new trial:  n/a;

    iii.    Disposition of motion and date of entry:  n/a;

    iv.     Filing date of notice of appeal:  June 27, 2008.

## ISSUE PRESENTED FOR REVIEW

Whether the district court erred when it determined that Mr. Rosenbohm's prior conviction for aggravated criminal sexual abuse qualified as a prior sex conviction that required a life sentence under 18 U.S.C. § 3559(e)(1)?

# STATEMENT OF THE CASE [1]

This is a direct appeal in a criminal case.

On October 16, 2007, a grand jury sitting in the Central District of Illinois, Peoria Division, charged Defendant-Appellant Justin A. Rosenbohm by way of a three count indictment, with one count of sexual exploitation of children and production of sexually explicit images of minors in violation of Title 18 U.S.C § 2251(a), 2260A and 3559(e)(1) (Count 1); one count of failure to register as a sex offender in violation of Title 18 U.S.C. § 2250(a) (Count 2); and one count of sexual exploitation of children / possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) (Count 3). (R. at 7) Mr. Rosenbohm pled guilty to Count One of the indictment on February 8, 2008. (Sent. Tr. at 2; App. at 4)

The United States Probation Office prepared a Presentence Investigation Report ("PSR") on May 12, 2008. (PSR. at 1) The district court held a sentencing hearing on June 27, 2008, and imposed a sentence of life without the possibility of parole, plus 120 months to be served consecutively, a life term of supervised release, and a $100 special assessment. (R. at # 20) Mr. Rosenbohm filed a timely notice of appeal on June 27, 2008. (R. at # 12)

_____

[1] The following abbreviations are used herein: Record on appeal: "R. at #__;" Appendix: "App. at __;" Sentencing Hearing Transcript: "Sent. Tr. at __;" and Presentence Investigation Report: "PSR. at __."

3

## STATEMENT OF FACTS

In July of 2007 Defendant-Appellant Justin Rosenbohm was evicted from his residence in Peoria, Illinois. He moved next door with friends who had two young children. He did not notify authorities of his change in residence as he was required to do. (PSR. at 6;  Sent. Tr. at 18; App. at 20)  Mr. Rosenbohm photographed both of the minors, made sexual contact with one of the minors and downloaded nude and partially clothed images of the children to his laptop computer. (PSR. at 6)

As a result, Mr. Rosenbohm was charged in a three count indictment with one count of sexual exploitation of children and production of sexually explicit images of minors in violation of Title 18 U.S.C § 2251(a), 2260A and 3559(e)(1) (Count 1); one count of failure to register as a sex offender in violation of Title 18 U.S.C. § 2250(a) (Count 2); and one count of sexual exploitation of children / possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) (Count 3).  Mr. Rosenbohm pled guilty to Count One of the indictment on February 8, 2008.  (R. at # 7)

Based on the probation officer's calculations a total offense level of 40 and a criminal history category of III established a guideline range of 360 to life. However, the probation officer also applied statutory mandatory life under 18 U.S.C. § 3559(e)(1). (PSR. at 77; 79) The application of 18 U.S.C. § 3559(e)(1) was

4

based upon Mr. Rosenbohm having been previously convicted of aggravated

criminal sexual abuse in Peoria County Case Number 00CF344 (PSR. at 41)

Mr. Rosenbohm's prior criminal history consisted of two convictions both

having occurred one month apart in 2000. (PSR. at 41; 42) The first prior offense,

aggravated criminal sexual abuse, resulted in his arrest on April 7, 2000. This case

involved a sexual act with a minor. (PSR. at 41) The following month he was

arrested for his second prior offense, the federal offense of possession of child

pornography, which had occurred on May 11, 2000. (PSR. at 41; 42)  In sentencing

Mr. Rosenbohm for this federal offense the court specifically recommended that

U.S. Bureau of Prisons designate him to the sex offender treatment program at

Butner, North Carolina . However, the Bureau of Prisons did not follow this

recommendation. (PSR. at 42; Sent. Tr. at 20; App. at 22)

Mr. Rosenbohm objected to the applicability of the mandatory life

provision of 18 U.S.C. § 3559(e)(1) and stated that this section is not applicable in

his case because neither of his prior convictions constitute a requisite qualifying

offense. (PSR at 21-23) Mr. Rosenbohm contended that while it is uncontested

that he had two prior convictions, the prior conviction for possession of child

pornography is specifically excluded under 18 U.S.C. § 3559(e)(2)(A) from the list

of qualifying Federal offenses, and the state court conviction fails to meet the

statutory definition for a qualifying offense. (PSR. at 21-23; Sent. Tr. at 3-8; App.

at 5-10)

Defense counsel reiterated these arguments at sentencing (Sent. Tr. at 3-8; App. at 5-10) The government conceded that the Mr. Rosenbohm's prior federal conviction for possession of child pornography did not qualify as an enhancing offense and argued that Rosenbohm's prior state conviction triggered the mandatory life provision of 18 U.S.C. § 3559(e). (Sent. Tr. at  3; App. at 5) After hearing from the government and defense counsel, the district court made the following statements,

> THE COURT: Well, I don't think it's a frivolous argument and defense counsel does an excellent job of bringing the issue and I'm sure that this is something that will be addressed by the Court of Appeals, but it seems very straightforward to me that the way that this is written where it says "consists of conduct that would be a federal sex offense if" , "would be" and "if" I think are really the operative terms here and there's no doubt in my mind that if the same conduct and the same prosecution occurred because of something that happened out at the Rock Island Arsenal, this would definitely qualify. So I'm going to deny the objection. Do you have any other objections to the report? (Sent. Tr. at 8; App. at 10)

## SUMMARY OF ARGUMENT

The district court erred when the court found  that Mr. Rosenbohm's prior conviction for aggravated criminal sexual abuse was a prior conviction that qualified him for a sentence of natural life. First, the district court appeared to rely on the proposition that the offense occurred at the Rock Island Arsenal, a federal enclave.  The offense did not occur on a federal enclave and it otherwise did not meet the definition of prior sex conviction in Section 3559(e).

18 U.S.C. §3559(e)'s plain language limits prior offenses to those where a federal basis for jurisdiction existed, even if they were not prosecuted federally. Alternatively, if the Court disagrees with this analysis, the rule of lenity applies. Previous federal statutes have designated categories of prior enhancing offenses. Section 18 U.S.C. § 3559(e) specifically excludes certain types of prior offenses from triggering a mandatory life sentence. Both of Mr. Rosenbohm's prior convictions are excluded by statutory definition from supporting a mandatory sentence of life imprisonment. Alternately, any doubt regarding the application of Mr. Rosenbohm's prior convictions should be resolved in favor of a sentence other than mandatory life pursuant to the rule of lenity.

Mr. Rosenbohm's sentence should be vacated and remanded for resentencing and with directions to impose a sentence other than mandatory life. Neither of Mr. Rosenbohm's prior convictions provide the requisite basis for

7

imposition of a mandatory life sentence. Both of Mr. Rosenbohm's prior offenses are categorically excluded by the statute. The prior federal offense is not a qualifying offense because it is based upon possession of child pornography. The prior state offense is excluded because a federal jurisdictional basis for that charge did not exist.

# ARGUMENT

**I.    Mr. Rosenbohm's sentence should be vacated and remanded for resentencing to a sentence other than mandatory life because 18 U.S.C. § 3559(e) does not apply.**

**A.    Standard of Review.**

Interpretation of a statute is a question of law and this Court reviews the district court's ruling *de novo.  United States v. Hartz*, 296 F.3d 595, 598 (7th Cir. 2002).

**B.    Requirements of 18 U.S.C. § 3559.**

A review of 18 U.S.C. § 3559 establishes that only a state offense that could have been charged as a federal offense provides a prior sex conviction that triggers the mandatory life provision of section 3559(e).  However, to reach this conclusion, Congress requires review of no less than three separate sections of 18 U.S.C. § 3559.

First, the statute provides a general statement containing phrases that are subject to specific definition in later sections.  18 U.S.C. § 3559(e)(1) states:

> (1) In General.—  A person who is convicted of a Federal sex offense in which a minor is the victim shall be sentenced to life imprisonment if the person has a ***prior sex conviction*** in which a minor was the victim, unless the sentence of death is imposed. (emphasis added)

Second, the phrase "prior sex conviction" is separately defined as:

(C) the term "prior sex conviction" means a conviction for which the sentence was imposed before the conduct occurred constituting the subsequent Federal sex offense, and which was for a Federal Sex offense or a *State sex offense*; (emphasis added)

Third, the phrase "State sex offense" is further limited by a definition which requires the existence of either of two categories of federal jurisdiction. 18 U.S.C. § 3559(e)(2)(B) states:

> (B) the term *"State sex offense" means* an offense under State law that is punishable by more than one year in prison and consists of conduct that would be a Federal sex offense *if, to the extent or in the manner specified in the applicable provision of this title—*
> > (i) the offense *involved interstate or foreign commerce, or the use of the mails; or*
> > (ii) the conduct *occurred in any commonwealth, territory, or possession of the United States, within the special maritime and territorial jurisdiction of the United States, in a Federal prison, on any land or building owned by, leased to, or otherwise used by or under the control of the Government of the United States, or in the Indian country (as defined in section 1151);* (emphasis added)

Mr. Rosenbohm has two prior felony convictions. One conviction is a federal conviction for possession of child pornography, an offense that is specifically excluded under 18 U.S.C. § 3559(e)(2)(A) from use as a qualifying offense for purposes of the mandatory life provision. (PSR. at 9) It is therefore not at issue.

10

At issue is Mr. Rosenbohm's state felony conviction for aggravated criminal sexual abuse. (PSR. at 8) This crime involved a sexual act with a minor at a private residence. It is uncontested that there is no evidence to suggest that any federal jurisdictional basis existed for this crime. To the contrary, it is likely that federal charges would have been brought had their been a basis to do so since Rosenbohm was arrested for a federal pornography crime while this charge was pending. Because there are no facts to support the existence of a federal jurisdictional basis for this offense, it is excluded as a triggering offense for purposes of the mandatory life imprisonment provision of 18 U.S.C. § 3559(e) by definition.

The existence of a qualifying offense for purposes of the mandatory life imprisonment section depends upon Rosenbohm's  prior state conviction meeting the statutory definition of both "prior sex conviction" and "State sex offense." In this case, the conviction at issue, aggravated criminal sexual abuse, does not meet the statutory definition of "State sex offense" under either section 18 U.S.C. § 3559(e)(2)(B)(i) or (B)(ii).

First, it is uncontested that the conviction at issue did not involve interstate or foreign commerce or the use of the mails. The prior conviction was never charged as a federal case and could not have been. It is therefore not a "State sex offense" or "prior sex conviction" under the (B)(i) definition.

11

Equally, the prior conviction did not occur in any of the statutorily designated locations. The offense occurred in the State of Illinois and did not involve conduct occurring in a commonwealth, territory, or possession of the United States. Nor did it occur within the special maritime and territorial jurisdiction of the United States, in a Federal prison, on any land or building owned by, leased to, or otherwise used by or under the control of the Government of the United States, or in the Indian country. Illinois is a State and not a commonwealth or territory or a possession of the United States. The State of Illinois is not within the special maritime and territorial jurisdiction of the United States. Therefore, Mr. Rosenbohm's prior conviction does not meet the statutory definition of "State sex offense" under section (B)(ii).

The statute requires that prior convictions are to be considered "...to the extent or in the manner specified in the applicable provision of this title..." Here, neither of Mr. Rosenbohm's prior convictions satisfy the statutory definitions contained within the applicable provisions of this title. Therefore, neither of Mr. Rosenbohm's prior convictions trigger the mandatory life imprisonment provision of 18 U.S.C. § 3559(e).

Furthermore, the statutory language specifically excludes some prior offenses from triggering the mandatory life imprisonment section in what is essentially a "two strikes" law. The fact that all prior felony offenses related to

12

minors are not included under the definition of "prior sex offense" evidences an intent by Congress to limit the types of prior convictions that would trigger the mandatory life provision. This intent is further evidenced by the specific and unique definition of "State sex offense." Rather than a broad definition such as "prior felony sex offense", the statute limits the scope of the mandatory life provision to a subset of prior felony sex offenses. The focus of the limited statutory definition is upon type of offense and the existence of federal jurisdiction.

First, the statute limits the definition of "Prior sex offense" by offense type. It includes only that subset of prior sex offenses in which a minor was a victim 18 U.S.C. § 3559(e)(1). Within this subset there are also jurisdictional prerequisites. Within the category of jurisdiction, the statute excludes certain specified federal offenses, 18 U.S.C. § 3559(e)(2)(A). Third, the scope is narrowed to exclude all state misdemeanor offenses, 18 U.S.C. § 3559(e)(2)(B). Finally, the subset of "State sex offense", is narrowed to include only prior state felonies under two specific theoretical circumstances. The first of those specific circumstances requires alternative federal jurisdiction based upon a nexus to interstate commerce 18 U.S.C. § 3559(e)(2)(B)(i). The second requires alternative theoretical federal jurisdiction based upon the location of the occurrence of the prior conviction 18 U.S.C. § 3559(e)(2)(B)(ii). Thus, only those prior state felony sex

13

offenses involving minors, which could originally have been brought in federal court but were not, trigger the mandatory life provision of 18 U.S.C. § 3559(e). As a result, if a prior state felony sex offense that involved a minor could not have been brought in federal court to begin with , it cannot serve as a basis for a mandatory life sentence.

      The difference in statutory definition given to the terms "State" and "State sex offense"within 18 U.S.C. § 3559 provides another example of Congress's intent to limit the scope of prior state sex convictions, to include only those for which an independent basis of federal jurisdiction existed.  First, the term "State" is defined in 18 U.S.C. § 3559(e)(2)(E), referencing 8 U.S.C. § 3559(c)(2)(G). There, "the term 'State' means a State of the United States, the District of Columbia, and a commonwealth, territory, or possession of the United States" However, 18 U.S.C. § 3559(e)(2)(B)(ii) specifically excludes the term "State" from the definition of "State sex offense".  Notably, 18 U.S.C. § 3559(e)(2)(B)(ii) includes terms not contained within the definition of "State" such as "within the special maritime and territorial jurisdiction of the United States"; "in a Federal prison"; "on any land or building owned by, leased to, or otherwise used by or under the control of the Government of the United States"; "or in the Indian country". This provides further evidence a more narrowly drawn definition  that excludes prior offenses where only state jurisdiction existed. Otherwise, the statute would

14

simply have included "In any State" as part of the definition of "State sex

offense."

    If Congress had wanted to broaden the types of offenses that would

qualify as a prior under 3559(e), Congress certainly knew how.  For example, 21

U.S.C. § 841(b)(1)(A) provides:

> If any person commits a violation of this
> subparagraph...after two or more prior convictions *for a
> felony drug offense* have become final, such person shall
> be sentenced to a mandatory term of life imprisonment
> without release and fined in accordance with the
> preceding sentence. (emphasis added)

Undoubtedly, the drafters of 18 U.S.C. § 3559(e) were aware of this definition

which had been in existence for some time.

    Another example of which the drafters of 3559(e) must have been aware is

found in the designation of prior qualifying offenses found in 21 U.S.C. § 802(44)

very broadly defining "felony drug offense" as:

> (44) The term "felony drug offense" means an offense
> that is punishable by imprisonment for more than one
> year under *any law of the United States or of a State* or
> foreign country that prohibits or restricts conduct
> relating to narcotic drugs, marihuana, anabolic steroids,
> or depressant or stimulant substances. (emphasis
> added)

If Congress had used the same language in this case, Mr. Rosenbohm's prior

would have qualified. However, instead Congress carefully limited qualifying priors for this two strike law to only those that could originally have been brought under federal law. Thus, it is apparent that 18 U.S.C. § 3559 (e) provides a more narrowly tailored definition for prerequisite offenses triggering a life sentence. The fact that Federal jurisdictional requirements are addressed at all evidences a specific limiting of State sex offense which excludes the type of prior conviction at issue in this case. Otherwise, as is section 841, Congress would have provided a clear statement including all felony sex convictions involving minors under any law of the United States or of a state.

There is no reason for Congress to have addressed Federal jurisdictional requirements in these definitions other than to provide a more limited definition. Adherence to basic principles of statutory interpretation requires that in interpreting a statute the Court "...look primarily to the basic language of the statute" *United States v. Day*, 418 F.3d 746 (7th Cir. 2005); *Greenfield Mills, Inc. v. Macklin*, 361 F.3d 934, 954 (7th Cir. 2004) and to "attempt to give effect to every word or provision", see, e.g. *Hoffman v. Caterpillar, Inc.* 256 F.3d 568, 575 (7th Cir. 2001). Here, to ignore the requirement of existing federal jurisdiction for State court convictions would render the language of 3559(e)(2)(B)(i) and (ii) mere surplusage. Therefore, because Mr. Rosenbohm's prior State conviction does not meet the carefully limited definition of "State sex offense" provided by the

16

statute, his prior does not qualify as a prior under the mandatory life provision of

18 U.S.C. § 3559(e).

### C.     Rule of Lenity.

Even assuming, *arguendo*, that the language of the statute is unclear as to

the use of prior state court convictions lacking an independent federal

jurisdictional basis, the rule of lenity requires exclusion of  mandatory life as a

penalty in this case.

Use of a prior state conviction that could have been charged as a federal

offense differs from use of a prior where no federal charge was ever possible. It is

plausible that Congress intended to provide a harsher penalty for those who

received the benefit of a state court conviction where a  federal charge had been

foregone. It is equally plausible that Congress did not intended to require a

mandatory life sentence where a state prior never could have been charged

federally.

If this Court disagrees with the analysis in the preceding section, appellate

counsel submits that "The rule of lenity requires courts to read ambiguous

criminal statutes narrowly 'to ensure both that there is fair warning of the

boundaries of criminal conduct and that legislatures, not courts, define criminal

liability.'" *United States v. Pitt-DesMoines, Inc.*, 168 F.3d 976, 984 (7th Cir. 1999)  It

would be inappropriate to allow imposition of a mandatory life sentence based

upon mere speculation as to Congressional intent. Here, adherence to the rule of lenity which forbids "...interpret[ing] a federal criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what Congress intended" requires the ambiguity to be resolved in favor of the Appellant. *Ladner v. United States*, 385 U.S. 169, 178 (1958).

## CONCLUSION

For the reasons stated above, this Court should vacate Defendant-

Appellant Justin A. Rosenbohm's sentence and remand his case to the district

court for resentencing.


Respectfully submitted,
RICHARD H. PARSONS
Chief Federal Public Defender

By:_____
KARL W. BRYNING
Assistant Federal Public Defender

Attorneys for Defendant-Appellant,
JUSTIN A. ROSENBOHM

19