**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE SEVENTH CIRCUIT**

**NO. 08-2620**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Appeal from the |
| | ) | United States District Court |
| Plaintiff-Appellee, | ) | Central District of Illinois |
| | ) | At Peoria |
| v. | ) | |
| | ) | No. 07-CR-10117 |
| JUSTIN A. ROSENBOHM, | ) | |
| | ) | Honorable Michael M. Mihm |
| Defendant-Appellant. | ) | United States District Judge |

**BRIEF OF PLAINTIFF-APPELLEE**

RODGER A. HEATON
*United States Attorney*

Linda L. Mullen
*Assistant United States Attorney*

*Office of the United States Attorney*
*1830 2nd Avenue, Third Floor*
*Rock Island, Illinois  61201*
*Telephone: 309-793-5884*

TABLE OF CONTENTS

Page

TABLE OF CASES, STATUTES, AND OTHER AUTHORITIES. . . . . . . . . . . . . . . 4

JURISDICTIONAL STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ISSUE PRESENTED FOR REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

ARGUMENT:

    The District Court Properly Found That Rosenbohm Qualified For The
    Sentence Of Mandatory Life Imprisonment Pursuant To 18 U.S.C.
    § 3559(e)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

TABLE OF CASES, STATUTES, AND OTHER AUTHORITIES

Page

Cases:

*Bifulco v. United States*, 447 U.S. 381 (1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Callanan v. United States*, 364 U.S. 587 (1961). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Moskal v. United States*, 498 U.S. 103 (1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*United States v. Hartz*, 296 F.3d 595 (7th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Turkette*, 452 U.S. 576 (1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15


Statutes:

18 U.S.C. § 2241(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

18 U.S.C. § 2250(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 2250(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

18 U.S.C. § 2251(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 2251(a)(5)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 2251(b)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 2260A. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5

18 U.S.C. § 3553(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

18 U.S.C. § 3559(e). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 11, 12, 14

18 U.S.C. § 3559(e)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 5, 9-12

18 U.S.C. § 3559(e)(2)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

18 U.S.C. § 3559(e)(2)(B)(ii). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13


Other Authorities:

*Two Strikes and You're Out Child Protection Act*: *House Report on H.R. 107-373, to accompany H.R. 2146, Before the House Committee on the Judiciary, 107th Cong. 2nd Sess.* (2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

## JURISDICTIONAL STATEMENT

The jurisdictional summary in the defendant's brief is complete and correct.

## ISSUE PRESENTED FOR REVIEW

Whether the district court erred in determining that Rosenbohm's prior state conviction for aggravated criminal sexual abuse qualified as a prior sex conviction under 18 U.S.C. § 3559(e)(1), thereby resulting in a mandatory sentence of life in prison.

## STATEMENT OF THE CASE[1]

This is a direct appeal of a criminal sentence. The course of proceedings and the dispositions were as follows.

On October 16, 2007, the defendant, Justin Rosenbohm, was charged by indictment with sexual exploitation of children and production of sexually explicit images of minors, in violation of 18 U.S.C. §§ 2251(a), 2260A, and 3559(e)(1) (Count 1); failure to register as a sex offender, in violation of 18 U.S.C. § 2250(a) (Count 2); and sexual exploitation of minors by possessing child pornography, in violation of 18 U.S.C. §§ 2251(a)(5)(B) and (b)(2). (R.7)

On February 8, 2008, Rosenbohm entered a blind plea of guilty to Count 1 in the indictment. (d/e 2/7/08)

On June 27, 2008, the district court sentenced Rosenbohm to a term of life imprisonment without parole, plus 120 months to be served consecutively, a lifetime term of supervised release, and a $100 special assessment on Count 1. Counts 2 and 3 were dismissed by oral motion of the government. (d/e 6/27/08; R.20) On June 27, 2008, Rosenbohm filed a timely notice of appeal. (R.12)

---

[1]References to the transcript of the sentencing are to "Sent.Tr.__"; references to the presentence report are to "PSR¶___"; references to the documents in the record are to the docket number on the district court's docket sheet, *e.g.*, "R.__" and "d/e____"; references to the Appendix of the Brief of Defendant-Appellant are to "Def.App.__" .

## STATEMENT OF FACTS

The defendant, Justin Rosenbohm, challenges only his sentence on appeal.

### I. The Indictment

In October of 2007, a federal grand jury returned a three-count indictment. Count 1 charged that from June through September of 2007, Rosenbohm knowingly persuaded minors to engage in sexually explicit conduct for the purpose of producing visual depictions. Count 2 charged that between August 1 and September 19, 2007, Rosenbohm failed to register and update his sex offender registration. Count 3 charged that from August of 2006 through September of 2007, Rosenbohm possessed images containing child pornography. (PSR¶2)

### II. The Offense Conduct

Sometime before September of 2007, Rosenbohm downloaded 567 images of child pornography from the Internet. Twelve of these images depicted sadistic or masochistic conduct involving prepubescent girls. Rosenbohm also videotaped himself engaged in bestiality. He used a peer-to-peer file-sharing program to receive and store these images on his computer. (PSR¶5)

In July of 2007, Rosenbohm was evicted from his residence in Peoria, Illinois. He moved in next door with Darin McDaniels and Sara Hackman, whom he had recently befriended. Rosenbohm failed to notify authorities of his new address, as

he was required to do because of his status as a sex offender. (PSR¶6)

McDaniels and Hackman had two children: an eighteen-month-old boy and an eleven-year-old girl. Rosenbohm frequently babysat the children. While babysitting, the defendant sexually abused the eighteen-month old boy by digitally manipulating his penis. Rosenbohm produced with his camera at least five images of this sexual abuse. In addition, Rosenbohm produced 97 images and five videotapes of the eleven-year old girl while she was sleeping in her underwear. After producing the images of the children, Rosenbohm copied them to his computer and saved them for future viewing. (PSR¶6)

In mid-September of 2007, McDaniels saw an image of a nude prepubescent girl on Rosenbohm's computer. He contacted the Peoria Police Department. After a Peoria police officer seized and searched Rosenbohm's computer and camera, Rosenbohm was arrested. He admitted to police that he had downloaded images of child pornography to his computer, taken photographs and videos of the two children, and masturbated the eighteen-month old boy. (PSR¶7)

## III. The Sentencing Hearing

### A. The PSR Calculations

The probation officer calculated a total offense level of 40 which, when combined with Rosenbohm's criminal history category III, established a guidelines range of 360 months to life in prison. (PSR¶¶16-37,40-43,79) The

4

probation officer, however, calculated the applicable statutory custody provision as mandatory life imprisonment, pursuant to 18 U.S.C. § 3559(e)(1), because Rosenbohm had been previously convicted of aggravated criminal sexual abuse in Peoria County.[2] (PSR¶41) In addition, the probation officer calculated that Rosenbohm was subject to a mandatory consecutive ten-year sentence pursuant to 18 U.S.C. § 2260A, which applies when a defendant is required to register as a sex offender and commits certain offenses, including sexual exploitation of children. (PSR ¶¶77-78)

### B. Rosenbohm's Objection

Prior to and at sentencing, Rosenbohm objected to the applicability of the mandatory life provision of 18 U.S.C. § 3559(e)(1), arguing that neither of his prior convictions constituted a requisite qualifying offense. (PSR,pp.21-23) Specifically, Rosenbohm alleged that his prior conviction for possession of child pornography is specifically excluded under 18 U.S.C. § 3559(e)(2)(A) from the list of qualifying federal offenses, and the state court conviction failed to meet the statutory definition for a qualifying offense. (PSR,pp.21-23; Sent.Tr.3-8; Def. App.5-10)

---

[2]Rosenbohm's criminal history consisted of two convictions, which occurred one month apart in 2000. (PSR¶¶41-42) The first prior state offense, aggravated criminal sexual abuse, involved a sexual act with a seven-year-old girl. (PSR¶41) The following month, Rosenbohm was arrested for the federal offense of possession of child pornography after he saved 100 images of child pornography on his computer and computer discs. (PSR¶42)

The government argued that, although Rosenbohm's prior federal conviction for possession of child pornography did not qualify as an enhancing offense, the prior state conviction for aggravated criminal sexual abuse of a minor did qualify and thereby triggered the mandatory life provision of 18 U.S.C. § 3559(e).

## C. The District Court's Ruling and Sentence

After hearing arguments of counsel, the district court overruled Rosenbohm's objection and imposed the sentence of mandatory life in prison. In doing so, the judge characterized the statute as "very straightforward" and observed, "there's no doubt in my mind that if the same conduct and the same prosecution occurred because of something that happened at the Rock Island Arsenal, this would definitely qualify." (Sent.Tr.8;Def.App.10)

After finding that the mandatory life sentence applied, the district court nevertheless canvassed the sentencing factors in 18 U.S.C. § 3553(a). With respect to the nature and circumstances of the offense, the court observed that Rosenbohm downloaded 567 images of child pornography, including sadistic and masochistic images and bestiality. (Sent.Tr.17-18) The court characterized Rosenbohm's contact with McDaniel's and Hackman's children as "completely, totally outrageous inappropriate sexual contact with the 18-month old. In addition, concerning the older child, you took a number of pictures, videotapes while she was sleeping and I think that's pretty spooky." (Sent.Tr.18-19) The

court concluded that Rosenbohm's conduct was "as serious as it gets under this statute." (Sent.Tr.19)

Turning to Rosenbohm's criminal history, the court noted that Rosenbohm's federal child pornography possession charge involved "really, really bad child pornography," including sexual assaults on children. (Sent.Tr.20) The court also noted that Rosenbohm violated his supervised release on that charge by repeatedly visiting an elementary school in Peoria, where he had unsupervised contact with a child. (Sent.Tr.21)

With respect to the need for the sentence imposed to protect the public and provide adequate deterrence, the court stated, "In reading the report, you've just got what appears to be a pretty steady stream here of inappropriate contact with minors. Looks like that's a problem that you've had for a long time and certainly, based on your most recent conduct, there's no indication that that is going to change." (Sent.Tr.23) The court was particularly concerned about the need to protect the public by specifically deterring Rosenbohm:

> [T]he sentence is supposed to protect the public from further crimes by you. In other words, that addresses what sentence is necessary to specifically deter you from further criminal conduct. And this is the one that I find in some ways most important because based on your pre-sentence report I don't believe that any sentence, short of keeping you in custody for virtually the rest of your life, is going to protect the public. I just don't know how you can read this pre-sentence report and understand fully the nature of your conduct

regarding these children and believe that you're not a risk of doing this again and, frankly, no child should have to run that risk. It's never a lighthearted task for the Court to impose a sentence of mandatory life, but under all of the circumstances here I cannot say that it's an unjust sentence. I believe that you've earned it.

(Sent.Tr.24)

## SUMMARY OF THE ARGUMENT

Rosenbohm pleaded guilty to sexual exploitation of children and production of sexually explicit images of minors. The district court imposed a mandatory life sentence on Rosenbohm, pursuant to 18 U.S.C. § 3559(e)(1), which requires mandatory life sentences for repeated sex offenses against children. Specifically, it provides that a person convicted of a federal sex offense in which a minor is a victim (including sexual exploitation of children) shall be sentenced to life imprisonment if the person has a prior state or federal sex conviction in which a minor was the victim. 18 U.S.C. § 3559(e)(1).

Rosenbohm argues that the district court erred in determining that his prior state court conviction for aggravated criminal sexual abuse on a seven-year-old girl qualified him for a mandatory life sentence. Rosenbohm maintains that the statute limits prior qualifying state offenses to those where a federal basis for jurisdiction actually existed. The district court properly rejected this argument, as the plain language of the statute dictates that a prior state conviction qualifies if it would have been a federal offense had a federal nexus existed. Here, Rosenbohm's state court offense of sexual abuse of a seven-year-old could have been prosecuted federally had there been a federal nexus, such as use of the wires or mails or had the offense occurred on federal lands. Accordingly, the district court properly found that the conviction triggered a life sentence.

## ARGUMENT

### The District Court Properly Found That Rosenbohm Qualified For The Sentence Of Mandatory Life Imprisonment Pursuant To 18 U.S.C. § 3559(e)(1)

Rosenbohm raises a single issue on appeal. He argues that the district court erred when it determined that his prior state court conviction for aggravated criminal sexual abuse was a prior conviction that qualified him for a mandatory life sentence under 18 U.S.C. § 3559(e)(1). Ignoring the plain language of the statute as well as the statute's intended purpose, Rosenbohm maintains that the statute limits prior qualifying offenses to those where a federal basis for jurisdiction actually existed. The district court soundly rejected this argument, as the statute clearly states that a prior offense triggers the mandatory life sentence if it would have been a federal offense had there been a federal nexus. Here, Rosenbohm's state court offense could have been prosecuted federally, for example, had he committed it on federal lands. Accordingly, the district court properly found that the conviction triggered a life sentence.

### A. Standard of Review

The interpretation of a statute is a question of law, which this Court reviews de novo. *United States v. Hartz*, 296 F.3d 595, 598 (7th Cir. 2002).

10

**B. Legal Framework**

The statute at issue here, 18 U.S.C. § 3559(e), requires mandatory life sentences for repeated sex offenses against children. Specifically, it provides that a person convicted of a federal sex offense in which a minor is a victim shall be sentenced to life imprisonment if the person has a prior sex conviction in which a minor was the victim. 18 U.S.C. § 3559(e)(1).

The term "prior sex conviction" is defined in the statute to include a prior "State sex offense":

> (C) the term "prior sex conviction" means a conviction for which the sentence was imposed before the conduct occurred constituting the subsequent Federal sex offense, and which was for a Federal Sex offense or a State sex offense.

The statute further defines "State sex offense" and "Federal sex offense" as follows:

> (A) the term "Federal sex offense" means an offense under section 1591 (relating to sex trafficking of children), 2241 (relating to aggravated sexual abuse), *2242 (relating to sexual abuse)*, 2244(a)(1) (relating to abusive sexual contact), 2245 (relating to sexual abuse resulting in death), 2251 (relating to sexual exploitation of children), 2251A (relating to selling or buying of children), 2422(b) (relating to coercion and enticement of a minor into prostitution), or 2423(a) (relating to transportation of minors);
>
> (B) the term "State sex offense" means an offense under State law that is punishable by more than one year in prison and consists of conduct that *would be* a Federal sex offense *if*, to the extent or in the manner specified in the applicable provisions of this title–

(i) the offense involved interstate or foreign commerce , or the use of the mails; or

(ii) the conduct occurred in any commonwealth, territory, or possession of the United States, within the special maritime and territorial jurisdiction of the United States, in a Federal prison, on any land or building owned by, leased to or otherwise used by or under the control of the Government of the United States, or in the Indian country (as defined in section 1151). (emphasis added)

## C. Analysis

Rosenbohm conceded at sentencing that had his prior state sex offense for aggravated sexual abuse of a seven-year-old girl occurred on the Rock Island Arsenal the conviction would have qualified under 18 U.S.C. § 3559(e)(1) as a prior sex offense. (Sent.Tr.6-7) He nevertheless argues that since his prior state sex offense did not occur on the Arsenal and contained no other federal nexus, the district court improperly used the prior offense to enhance his sentence.

Rosenbohm's argument requires a strained reading of the statute. Title 18 U.S.C. § 3559(e) makes clear that the sentencing enhancement applies when the defendant has a qualifying state conviction that would have been a federal conviction had a basis for federal jurisdiction existed. The statute defines a qualifying state sex offense as one that is punishable by more than one year in prison and consists of conduct that *"would be* a Federal sex offense *if"* a federal nexus had existed. It does not define a qualifying state sex offense as one consisting of conduct that "*was* a violation of federal law."

12

It is not uncommon for Congress to refer to and rely on state crimes that would have been federal crimes "if" a basis for the federal jurisdiction existed. For example, 18 U.S.C. § 2241(c) applies "if the defendant has previously been convicted of another federal offense under this subsection, or of a state offense that would have been an offense under either such provision had the offense occurred in a federal prison, unless the death penalty is imposed." Conversely, when Congress intends for a sentencing enhancement to apply only to someone who commits a federal offense, even if not convicted of the offense federally, the language of the statute plainly states as much. For example, 18 U.S.C. § 2250(c) punishes sex offenders who fail to register under the Sex Offender Registration and Notification Act and who commit a crime of violence "under *federal law*."

Rosenbohm's interpretation of the statute as encompassing only state crimes that could have been tried federally renders superfluous and irrelevant certain provisions of 18 U.S.C. § 3559(e)(2)(B)(ii). The statute encompasses conduct that would have been a federal crime if it had occurred in any "commonwealth, territory, or possession of the United States, within the special maritime and territorial jurisdiction of the United States, in a Federal prison, on any land or building owned by, leased to or otherwise used by or under the control of the Government of the United States, or in the Indian country," but a state

13

prosecution could not lie within the special maritime jurisdiction or in Indian country jurisdiction, or in a territory of the United States, such as Guam. Thus, interpreting 18 U.S.C. § 3559(e) to apply only to state convictions with a Federal jurisdictional hook makes no sense.

Rosenbohm urges this Court to apply the rule of lenity to exclude mandatory life as a penalty in his case. The rule of lenity is a principle of statutory construction that applies not only to interpretations of the substantive scope of criminal statutes, but also to the penalties they impose. *Bifulco v. United States*, 447 U.S. 381, 387 (1980). The "touchstone" of the rule of lenity, however, is statutory ambiguity. *Id.* "The rule [of lenity] comes into operation at the end of the process of construing what Congress has expressed, not at the beginning as an overriding consideration of being lenient to wrongdoers." *Callanan v. United States*, 364 U.S. 587, 596 (1961). The rule applies only when "a reasonable doubt persists about a statute's intended scope even after resort to the language and structure, legislative history, and motivating policies of the statute." *Moskal v. United States*, 498 U.S. 103, 108 (1990)(internal quotations omitted).

Here, this Court need look no further than the language of the statute itself to conclude that the rule of lenity is inapplicable. The plain language of the statute defines a State law offense as one that is punishable by more than one year in

14

prison and consists of conduct that *would be* a federal sex offense *if* a federal nexus existed. Thus, the ordinary meaning of the language explains that prior convictions qualify if they were obtained under state law and punishable by more than one year in prison, and where, although a federal nexus was absent, had a federal nexus existed, the criminal conduct would have met the elements of one the Federal sex offenses listed in the statute. The plain language of the statute therefore applies directly to Rosenbohm and mandates a life sentence. The district court did not sentence Rosenbohm to life in prison based simply on a guess as to what Congress intended. Rather, it applied the mandatory life sentence based on the fact that Rosenbohm's criminal conduct and past criminal conviction place him directly within § 3559(e).

As the Supreme Court has explained, "[i]f the statutory language is unambiguous, in the absence of a clearly expressed legislative intent to the contrary, that language must ordinarily be regarded as conclusive." *United States v. Turkette*, 452 U.S. 576, 580 (1981). Although the plain language of the statute obviates the need to examine the legislative history here, the legislative purpose underlying the statute also provides ample support for imposing a life sentence in Rosenbohm's case. The purpose for the statute is to "establish a mandatory sentence of life imprisonment for twice-convicted child sex

offenders." *Two Strikes and You're Out Child Protection Act*: *House Report on H.R. 107-373, to accompany H.R. 2146, Before the House Committee on the Judiciary,* 107th Cong. 2nd Sess. (2002). The legislative history articulates a two-fold need for the legislation: (1) since 1980, the number of prisoners sentenced for violent sexual assault other than rape increased by an annual average of fifteen percent, which is faster than any other category of violent crime; and (2) the rate of recidivism among sex offenders is alarmingly high. Offenders who molest young girls repeat their crimes at rates up to twenty-five percent and offenders who molest young boys repeat their crimes at rates up to forty percent. *Id.*

With respect to the impact of sexual assaults on the victims, the legislative history details the long-lasting effects of sexual abuse:

> [a]ny attack is devastatingly tragic for the victim and will leave a scar that will be carried throughout life. Victims experience severe mental and physical health problems as a result of these crimes. These problems include increased rates of depression and suicide, as well as reproductive problems. The effects of sexual abuse resonate from victim, to family, and continue[] to weave . . . through the fabric of our communities.

*Id.*

The legislative history concludes that "children have the right to grow up protected from sexual predators and free from abuse. H.R. 2146 will protect America's children by permanently removing the worst offenders from our society – those who repeatedly victimize children." *Id.* Obviously, the purpose of

16

the statute is to protect children, not to protect only those children who are victimized on federal lands or victimized in a way that includes an interstate nexus.

In sum, this punishment enhancement statute aims to increase the punishment for child predators, not just child predators who commit crimes within federal jurisdiction. Therefore, the statute properly provides for enhanced punishment for offenders with a state sex offense conviction that *would* be a federal sex offense *if* a federal nexus were present. Again, while the legislative history supports the district court's reading of the statute, it need not be consulted; the plain language of the statute as applied to Rosenbohm's offense of conviction and criminal history mandated a sentence of life in prison.

**CONCLUSION**

For the foregoing reasons, the sentence of the district court should be affirmed.

Respectfully submitted,

RODGER A. HEATON
*United States Attorney*

By:    _____
Linda L. Mullen
*Assistant United States Attorney*

*Office of the United States Attorney*
*1830 2nd Avenue, Third Floor*
*Rock Island, Illinois  61201*
*Telephone: 309-793-5884*

CERTIFICATE OF SERVICE

I certify that on November 12, 2008, I served two copies of the Brief of

Plaintiff-Appellee, and a copy in digital media format, upon the Defendant-

Appellant herein, by mailing them to counsel of record as follows:

Karl W. Bryning
Assistant Federal Public Defender
401 West Main Street
Suite 1400
Peoria, IL   61602

_____

Kelly K. Thompson
Legal Assistant